IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

COREY DALE ROBINSON                                                                        PLAINTIFF

vs.                                            Civil No. 6:22-cv-06068

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                   DEFENDANT

## MEMORANDUM OPINION

Corey Dale Robinson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his disability application on April 13, 2017.  (Tr. 15).  In this application, Plaintiff alleged being disabled due to gout, lower back pain, "IV's," high blood pressure, "problems walking," hypothyroidism, and diabetes (type 2).  (Tr. 186).  Plaintiff alleges

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11.  These references are to the page number of the transcript itself not the ECF page number.

1

an onset date of January 31, 2016.  (Tr. 15).  This application was denied initially and again upon reconsideration.  *Id.*  After these denials, Plaintiff requested an administrative hearing, and this hearing request was granted.  (Tr. 28-57).  Plaintiff's administrative hearing was held in Hot Springs, Arkansas on September 10, 2018.  *Id.*  Plaintiff was present and was represented by counsel, Sharon McDonald, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing.  *Id.*

On January 17, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application.  (Tr. 12-23).  The ALJ determined Plaintiff last met the insured status requirements of the Act on December 31, 2016.  (Tr. 17, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from his alleged onset date of January 31, 2016 through his date last insured of December 31, 2016.  (Tr. 17, Finding 2).

The ALJ determined Plaintiff was forty-seven (47) years old on his date last insured.  (Tr. 21, Fining 7).  Such an individual is defined as a "younger person." *See* 20 C.F.R. § 404.1563(c) (2008).  The ALJ determined Plaintiff had a limited education but was able to communicate in English.  (Tr. 21, Finding 8).

The ALJ determined that, through his date last insured, Plaintiff had the following severe impairments: degenerative joint disease of the bilateral hips, degenerative disc disease of the lumbar spine, essential hypertension, obesity, and diabetes mellitus type two (diabetes).  (Tr. 17, Finding 3).  Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").  (Tr. 18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 18-21, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he could only occasionally climb, stoop, crouch, kneel, and crawl. He could only occasionally reach and handle. He could not have exposure to unrestricted heights, climb ladders or scaffolding, or work in commercial driving.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 21, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21-22, Finding 10).

The VE testified at the administrative hearing regarding that issue. (Tr. 21-22). Based upon that testimony, the ALJ determined a hypothetical individual with Plaintiff's limitations retained the capacity to perform work as the following: (1) surveillance-system monitor (sedentary, unskilled) with approximately 11,000 such jobs in the nation; and (2) call-out operator (sedentary, unskilled) with approximately 8,000 – 9,000 such jobs in the nation. (Tr. 22). Consistent with that determination, the ALJ found Plaintiff had not been under a disability—as defined by the Act—at any time from January 31, 2016 (alleged onset date) through December 31, 2016 (date last insured). (Tr. 22, Finding 11).

Thereafter, this Court remanded Plaintiff's action. *See Robinson v. SSA,* 6:19-cv-06062 (W.D. Ark. 2019). As a part of the remand, the ALJ was to fully consider Plaintiff's subjective complaints under the standard of *Polaski*. *Id.* The ALJ then held a second administrative hearing on February 9, 2021. (Tr. 622-657). Thereafter, on February 25, 2021, the ALJ entered a second

fully unfavorable decision denying Plaintiff's application for benefits. (Tr. 603-621). The Appeals Council again denied Plaintiff's request for review on May 2, 2022. (Tr. 598-602). On June 21, 2022, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 22, 2022. ECF No. 5. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff raised the following argument for reversal: the ALJ's decision is not supported by substantial evidence in the record as to his RFC assessment through his date last insured. ECF No. 15 at 9-19. Plaintiff broadly claims the following: "the administrative record clearly shows that Plaintiff suffers from numerous impairments, which in combination with his age, educational background, and past work experience, have rendered his [him] disabled within the meaning of the Social Security Act." *Id.* This Court will address Plaintiff's single issue for reversal.

4

Upon consideration, the Court finds no basis for reversal. In his decision, the ALJ fully considered Plaintiff's medical records dated during the relevant time-period. (Tr. 610-614). After considering those records, the ALJ noted the following:

> It must first be noted that the medical findings that are present are not consistent with the disabling level of pain and other symptoms alleged by the claimant. Certainly, his allegations cannot be disregarded solely on this basis, but this is a factor that must be considered. The absence of objective medical findings to support allegations of disabling pain or other symptoms is one factor that can be used to evaluate persuasiveness.

(Tr. 613).

The ALJ also fully considered Plaintiff's subjective complaints and discounted them for legally-sufficient reasons. Specifically, the ALJ noted the following regarding those alleged limitations:

> Overall, prior to the DLI, treatment for all the claimant's alleged conditions followed a very conservative course. Moreover, the claimant's overall activity level during the period under review indicates that he may not have been as restricted as he has alleged. (This is particularly true in view of evidence that the claimant was performing skilled, heavy exertional work until shortly before his alleged onset date.) Taken as a whole, the record in this case does not contain the type and quantity of objective, verifiable clinical evidence necessary to persuade the Administrative Law Judge that the claimant was as limited as has been alleged through the DLI.

(Tr. 612). Based upon these findings, the Court's full consideration of Plaintiff's case, Plaintiff's arguments presented in this matter, and the Court's prior opinion in Plaintiff's case, this Court finds no basis for reversal on this matter.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record. As such, this case is affirmed. A judgment

incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED this 27th day of March 2023.**

                                                                       /s/ *Barry A. Bryant*
                                                                       HON. BARRY A. BRYANT
                                                                       UNITED STATES MAGISTRATE JUDGE